UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

OLIN J. BAKER,                  )
                                )
        Plaintiff,              )
                                )
    5.                          )        Case No. 3:05-0367
                                )        Judge Echols
RHODIA, INC.                    )
                                )
        Defendant.              )

## MEMORANDUM

Pending before the Court are the Report and Recommendation entered by the United States Magistrate Judge on June 20, 2005, (Docket Entry No. 13), and Plaintiff's Objections (Docket Entry No. 14) thereto.  Also before the Court is "Plaintiff's Motion for Review and Stay of Order."  (Docket Entry No. 12).[1]

In the Report and Recommendation, the Magistrate Judge recommends that this Court deny Plaintiff's Motion for Remand. (Docket Entry No. 8).  Upon *de novo* review, the Court concludes it must reject that recommendation.  Since this case will be remanded to state court, the Plaintiff's Motion for Review and Stay of Order (Docket Entry No. 12) will be denied as moot.

### I.  Standard of Review

When a party makes timely objections to a Report and

_____

[1]The Motion for Review and Stay of Order relates to Defendant's Motion for More Definite Statement (Docket Entry No. 6) and the Magistrate Judge's Order relating thereto (Docket Entry No. 11).  The Order required Plaintiff to comply with the pleading requirements of Rule 8.  Since this Court determines that jurisdiction has yet to be established, and, therefore, the case must be remanded, the requirements of Rule 8 do not apply and the Motion to Stay is moot.

1

Recommendation, the Court "shall make a *de novo* determination of the matter and may conduct a new hearing, take additional evidence, recall witnesses, recommit the matter to the Magistrate Judge for further proceedings and consideration, conduct conferences with counsel for the affected parties, and receive additional arguments, either oral or written, as the District Judge may desire." L.R.M.P. 9(b)(3).

## II. <u>Analysis</u>

This litigation was originally filed by the Plaintiff on March 21, 2005, in the General Sessions Court for Humphreys County, Tennessee, seeking $15,000 in damages against Defendant Rhodia, Inc. (Rhodia). The allegations in the "Civil Summons" or Complaint are for "breach of contract, failure to pay vacation, fraud and misrepresentation on calculation of pension, [and] damage for personal property." (Docket Entry No. 1, Ex. 1). Focusing on the contention that pension benefits had been miscalculated, Defendant timely removed the action to this Court. (Docket Entry No. 1).

Defendant asserts this Court has federal question jurisdiction because Plaintiff's claim involving pension benefits "relates either to the CBA [Collective Bargaining Agreement] and/or the Employee Retirement Income Security Act or 1974 ('ERISA')." <u>Id</u>. The Magistrate Judge agrees and recommends denial of Plaintiff's motion for remand because the claim of miscalculated pension benefits is really a claim under ERISA.

Although this Court is inclined to agree that, more likely than not, Plaintiff is invoking a claim which would be governed by

2

ERISA or a CBA, it is not a conclusion which can be reached at this juncture given the very vague allegations in the Civil Summons. Therefore, the Court finds Defendant improvidently removed this case.

A civil action filed in state court may be removed to federal court if the claim is one "arising under" federal law. 28 U.S.C. §§ 1331, 1441(a). To support removal, "[a] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." <u>Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust</u>, 463 U.S. 1, 10-11, 103 S.Ct. 2841 (1983)(citation omitted).

"Ordinarily, determining whether a particular case arises under federal law turns on the 'well-pleaded complaint' rule." <u>Aetna Health, Inc. v. Davila</u>, 124 S.Ct. 2488, 2495, 159 L.Ed.2d 312 (2004). Under this rule, "'a defendant may not [generally] remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law.'" <u>Id</u>. (emphasis and brackets in original). That is, potential defenses are ignored in favor of what appears in plaintiff's complaint. An exception to the well-pleaded complaint rule exists when a federal statute, like ERISA, wholly displaces the state law cause of action through complete preemption. <u>Id</u>. at 2496.

"Complete preemption is a narrow exception to the well-pleaded complaint rule, whereby plaintiff is master of his complaint and can choose to assert only state law claims. . . ." <u>Roddy v. Grand Trunk-Western Railroad, Inc.</u>, 395 F.3d 318, 323 (6th Cir. 2005).

Nevertheless, "the complete preemption doctrine does not abrogate the federal courts' traditional focus on the complaint, in deciding questions of removal jurisdiction." Id. at 324.

Unquestionably, "ERISA supersedes state laws that 'relate to any employee benefit plan' *covered* by ERISA." Thikol Corp. v. Revenue Div., Dept. of Treas., Mich., 76 F.3d 751, 754 (6th Cir. 1996)(emphasis added). The problem here is there is not a scintilla of evidence or even an assertion that whatever pension is being referred to in the Civil Summons is part of an employee benefit plan covered by ERISA. True, most domestic pension plans are covered by ERISA, but there are exceptions (see 29 U.S.C. § 1003) and this Court has no way of knowing whether the plan at issue in this case is among those excepted.

While ERISA preempts state law claims which deal with an ERISA governed plan, this Court simply cannot take as a given that such a plan is at issue in this case. There is a "new reluctance to accept blindly all removals by employers or insurers based on the purported invocation of ERISA's super-preemption. . . ." Hensley v. Philadelphia Life Ins. Co., 878 F.Supp. 1465, 1469 (N.D. Ala. 1995). To merely assume an ERISA governed plan is at issue in this case would necessitate ignoring the Sixth Circuit's oft-repeated admonition that "the removal statutes are to be narrowly construed." First Nat'l Bank of Pulaski v. Curry, 301 F.3d 456, 462 (6th Cir. 2002)(collecting cases). If this Court is going to "scrupulously . . . confine" its jurisdiction "to precise statutory limits," Ahearn v. Charter Twp. of Bloomfield, 100 F.3d 451, 454

4

(6th Cir. 1996), it cannot accept jurisdiction over a case merely because the word "pension" appears on the face of an initial pleading.[2]

Likewise, there is an utter lack of support for the contention that removal may be proper because of a claim brought involving a CBA. "When a plaintiff invokes a right created by a collective-bargaining agreement, the plaintiff has *chosen* to plead what we have held must be regarded as a federal claim, and removal is at the defendant's option." Caterpillar, Inc. v. Williams, 482 U.S. 386, 398-99, 107 S.Ct. 2425 (1987)(emphasis in original). "But a *defendant* cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated." Id. (emphasis in original).

In this case, there is no suggestion from the Civil Summons that a CBA is in play. For instance, a CBA is not even mentioned in the Civil Summons. The Court has absolutely nothing before it from which it could conclude that a CBA governed the relationship between the parties, or even that Plaintiff belonged to a union.

"The defendant has the burden of establishing that removal is proper." Conrad v. Robinson, 871 F.2d 612, 614 (6th Cir. 1989).

---

[2]This Court agrees with the Magistrate Judge's observation that Plaintiff has effectively played "hide the ball" (see Docket Entry No. 13) since he probably knows whether the pension at issue is part of an ERISA governed plan. Nevertheless, Plaintiff filed suit in state court and was only required to meet that court's pleading requirements.

5

In this case, Defendant has offered absolutely nothing about the plan involved and thus has failed to establish that removal is proper at this time.

In reaching the foregoing conclusion that a remand is appropriate, this Court is well aware that this case may return to this Court. <u>See</u>, <u>Peters v. Lincoln Elec. Co.</u>, 285 F.3d 456, 465-66 (6th Cir. 2002) (where Complaint did not mention ERISA, case could be removed when deposition testimony indicated court had federal question jurisdiction); <u>In re Diet Drugs</u>, 282 F.3d 220, 232 (3d Cir. 2002)(removal statute does not prohibit second notice of removal after remand). However, the present Notice of Removal was premature and is not supported by the record.

## III. <u>Conclusion</u>

Upon *de novo* review, the Report and Recommendation of the Magistrate Judge will be rejected. This case will be remanded to the General Sessions Court for Humphreys County, Tennessee. Consequently, Plaintiff's Motion for Review and Stay of Order will be denied as moot.

An appropriate Order shall be entered.


_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

6